IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3232-FL

| | |
|---|---|
| JAMEY L. WILKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KEITH STONE, MISTE STRICKLAND, ) | |
| CPT. BRAD JENKINS, and ) | |
| LIEUTENANT PARKER, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiff's motion for reconsideration (DE 9) of the judgment entered dismissing this action, and for frivolity review pursuant to 28 U.S.C. § 1915A.

Plaintiff, a former state pretrial detainee proceeding pro se, commenced this action by filing complaint on July 14, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. On October 25, 2022, the court denied plaintiff's motion to proceed in forma pauperis because plaintiff had sufficient funds in his inmate trust account to pay the filing fee in full. The court directed plaintiff to pay the filing fee within 30 days and warned plaintiff that failure to do so would result in dismissal of this action without prejudice for failure to prosecute. Plaintiff timely paid the filing fee. However, due to clerical oversight, the court nevertheless entered judgment dismissing the action for failure to pay the filing fee on December 7, 2022.

Plaintiff now moves for reconsideration, which the court construes as a motion to alter the judgment pursuant to Federal Rule of Civil Procedure 59(e). For the reasons explained above,

the court will grant the motion and vacate the judgment. See Fed. R. Civ. P. 59(e). The case will be reinstated as an active matter.

Where plaintiff has paid the filing fee and the case will be reopened, the court now turns to its initial review of the complaint. 28 U.S.C. § 1915A(b)(1) provides that courts shall review civil complaints filed by prisoners seeking relief from a governmental entity or officer and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Here, plaintiff alleges sufficient facts to state a claim for deliberate indifference to unconstitutional conditions of confinement with respect to his claims challenging the conditions of his cell and defendants' response to the fires. See Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (stating standard for conditions of confinement claim under the Eighth Amendment); Mays v. Sprinkle, 992 F.3d 295, 300–302 (4th Cir. 2021) (concluding that while

---

[1] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

pretrial detainee's conditions of confinement claim arises under the Fourteenth Amendment, courts should still apply the Eighth Amendment deliberate indifference standard for these claims based on principles derived from qualified immunity).

Plaintiff's remaining claims do not survive initial review. Plaintiff makes vague references to violations of his rights during disciplinary proceedings, but he fails to allege the named defendants personally were responsible for the alleged constitutional violations. See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff also asserts defendants violated his right to access to the courts. While plaintiff does have a constitutional right to reasonable access to the courts, plaintiff must allege that he suffered "actual injury" in order to state a claim. See Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006). The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Lewis, 518 U.S. at 353. Thus, a plaintiff alleging denial of access to the courts must describe, in the complaint, "the underlying cause of action and its lost remedy" and provide specific factual allegations showing that the claim is not frivolous. See Christopher v. Harbury, 536 U.S. 403, 414–16 (2002). Plaintiff has not even attempted to allege actual injury under the foregoing standard.

Finally, plaintiff alleges that defendant Miste Strickland "jeopardize[d] the health and safety of detainees by intentionally creating volatile situations pitting known enemies against each other. She deliberately punished me and put me at risk when she is fully aware of the person or

3

Case 5:22-ct-03232-FL   Document 10   Filed 01/19/23   Page 3 of 4

people who are in the wrong." (Compl. (DE 1) at 13–14).[2] Plaintiff further alleges that defendant Strickland prevents phone and visitation privileges for the inmate population generally as retaliation if certain inmates do not "snitch" on others, which creates a risk that plaintiff may be assaulted. (Id. at 14). These conclusory allegations are insufficient to establish a Fourteenth Amendment violation. See Nemet Chevrolet, 591 F.3d at 255 (explaining bare assertions devoid of factual enhancement are insufficient to state a claim).

Based on the foregoing, plaintiff's motion for reconsideration (DE 9) is GRANTED and the clerk's judgment (DE 8) is VACATED. The clerk is DIRECTED to reopen this case as an active matter. Plaintiff is ALLOWED to proceed with his conditions of confinement claim against all defendants, and the United States Marshals Service is DIRECTED to proceed with service of process pursuant to 28 U.S.C. § 1915(d). All remaining claims are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED, this the 19th day of January, 2023.

                                          _____
                                          LOUISE W. FLANAGAN
                                          United States District Judge

---

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.